**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0185-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

TAMAR REAVES,
a/k/a T-MAC REAVES,
and T-MAC,

    Defendant-Appellant.

_____

        Submitted October 1, 2025 – Decided October 30, 2025

        Before Judges Paganelli and Vanek.

        On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Indictment No. 17-11-0612.

        Jennifer N. Sellitti, Public Defender, attorney for appellant (Steve E. Braun, Designated Counsel, on the brief).

        John P. McDonald, Somerset County Prosecutor, attorney for respondent (Erin C. Hamilton, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Tamar Reaves sought post-conviction relief (PCR) alleging ineffective assistance of counsel in connection with his guilty plea. The PCR court denied relief and defendant appealed. We affirm, substantially for the reasons set forth by Judge Jonathan W. Romankow in his comprehensive fifty-eight-page written decision.

We briefly recount the facts underlying defendant's criminal charges to provide context to our decision. Surveillance footage from the morning of August 9, 2017, captured then eighteen-year-old defendant outside a Franklin Township deli briefly talking with a woman. Shortly thereafter, defendant entered the deli and then quickly exited. Defendant shot the woman in the neck, killing her. He then threw the gun down the sewer. Defendant did not have a permit to purchase or carry the gun.

In the hours after the shooting, defendant posted a photo with commentary on social media. He also posted a video of himself holding his fingers in the shape of a gun and singing the following song lyrics: "Run up on you by the corner store then I leave you by that corner store. Mama crying. Police flying. Red tape homicide. Less peace and more dying." Defendant later posted on

A-0185-24

social media, "I do this s[***] for Josie," a friend of his whose death he blamed on the dead woman.

After unsuccessfully moving to suppress his post-Miranda[1] statement to the police, defendant pleaded guilty to first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1) (amended count one); second-degree possession of a firearm for an unlawful purpose N.J.S.A. 2C:39-4(a)(1) (count two); and second-degree unlawful possession of a handgun without a permit, N.J.S.A. 2C:39-5(b)(1) (count three). Count four, third-degree hindering apprehension (concealment), N.J.S.A. 2C:29-3(b)(1), and count five, third-degree hindering apprehension (false information), N.J.S.A. 2C:29-3(b)(4), were dismissed in accordance with the plea agreement.

The court sentenced defendant to twenty-seven years' incarceration on count one, subject to an eighty-five percent period of parole ineligibility based on combined application of the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, and the Graves Act, N.J.S.A. 2C:43-6(c). The court also sentenced defendant to ten years' incarceration on the two remaining counts, to run concurrent with count one. Defendant received 645 days of jail credit. All applicable fines and penalties were imposed. We affirmed defendant's sentence

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

on direct appeal, except for a consensual remand for the entry of an amended judgment of conviction (JOC) merging counts one and two.[2]

Defendant filed a pro se PCR petition alleging ineffective assistance of counsel and seeking an evidentiary hearing. Defendant's assigned attorney then filed an amended PCR petition. After the PCR judge denied the relief sought in both petitions, defendant appealed.

Although defendant asserted thirteen claims of ineffective assistance of counsel to the PCR court, defendant raises only the following arguments on appeal:

> POINT I
>
> AN EVIDENTIARY HEARING IS REQUIRED BECAUSE TRIAL COUNSEL WAS INEFFECTIVE BY FAILING TO CONDUCT A THOROUGH INVESTIGATION INTO THE MERITS OF DEFENDANT'S CASE AND TO DISCUSS TRIAL STRATEGY, BY FAILING TO ARGUE DEFENDANT'S YOUTH AS A MITIGATING FACTOR, AND BY FAILING TO ARGUE THE CIRCUMSTANCES OF DEFENDANT'S YOUTHFUL ENVIRONMENT AS A MITIGATING FACTOR.

---

[2] On June 30, 2020, we affirmed defendant's sentence on our sentencing calendar pursuant to Rule 2:9-11. The parties consented to a remand for the entry of an amended JOC limited to merging counts one (amended) (aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1)) and two (possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1)).

4

A. Trial counsel was ineffective by failing to argue that the defendant's youth affected his decision-making ability which should have been taken into account for sentencing.

B. Trial counsel was ineffective by failing to conduct a thorough investigation into the merits of defendant's case and by failing to discuss trial strategy with defendant.

C. Trial counsel was ineffective at sentencing by failing to argue the applicability of N.J.S.A. 2C:44-lb(4). He should have referred to the connection between defendant's youth and the environmental factors of his youth which were beyond his control and which conceivably could have contributed to the development of post-traumatic stress syndrome.

We affirm, substantially for the reasons expressed by Judge Romankow, adding only the following brief comments.

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary hearings and determinations on the merits only if the defendant has established a prima facie claim of ineffective assistance, material issues of disputed facts lie outside the record, and resolution of the issues necessitates a hearing. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 354-55 (2013). To establish a prima facie claim of ineffective assistance of counsel, the defendant must satisfy the two-pronged test

5

enunciated in Strickland v. Washington, 466 U.S. 685-86 (1984), which our Supreme Court adopted in State v. Fritz, 105 N.J. 42, 58 (1987). The Strickland/Fritz framework requires the following:

> First, [the defendant] must demonstrate that counsel made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." An attorney's representation is deficient when it "[falls] below an objective standard of reasonableness."
>
> Second, a defendant "must show that the deficient performance prejudiced the defense." A defendant will be prejudiced when counsel's errors are sufficiently serious to deny [a defendant] "a fair trial." The prejudice standard is met if there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." A "reasonable probability" simply means a "probability sufficient to undermine confidence in the outcome" of the proceeding.
>
> [State v. O'Neil, 219 N.J. 598, 611 (2014) (second alteration in original) (citations omitted and reformatted) (quoting Strickland, 466 U.S. at 687-88, 694).]

"[I]n order to establish a prima facie claim, [the defendant] must do more than make bald assertions that [the defendant] was denied the effective assistance of counsel. [The defendant] must allege facts sufficient to demonstrate counsel's alleged substandard performance." Cummings, 321 N.J.

Super. at 170. The defendant must establish, by a preponderance of the credible evidence, that they are entitled to relief. State v. Nash, 212 N.J. 518, 541 (2013).

We review the PCR court's determinations on mixed questions of fact and law de novo. State v. Harris, 181 N.J. 391, 419-20 (2004). Where an evidentiary hearing has not been held, it is within our authority "to conduct a de novo review of both the factual findings and legal conclusions of the PCR court." Id. at 421.

We conclude on de novo review that Judge Romankow aptly found the record belied defendant's assertion that trial counsel was ineffective by failing to argue defendant's youth as a mitigating factor at sentencing. Counsel's sentencing memorandum did not cite to the statutory mitigating factor at N.J.S.A. 2C:44-1(b)(14), since that statute was enacted on October 19, 2020—after defendant's May 16, 2019 sentencing hearing.[3] Thus, counsel's supposed failure to argue the sentencing court should consider defendant's age as a mitigating factor pursuant to N.J.S.A. 2C:44-1(b)(14) was not ineffective

---

[3] N.J.S.A. 2C:44-1(b)(14) requires the sentencing court to consider whether "the defendant was under 26 years of age at the time of the commission of the offense."

A-0185-24

assistance.[4]  In any event, counsel vigorously implored the sentencing judge to consider defendant's youth, arguing:

> Your Honor, I would ask you to consider[] lowering it. For one, my client was a teenager, was a teenager at the time.  And I think as much as we hate what – what occurred, I don't think any of us could disagree that teenagers do foolish, irrational, and unreasonable things.  And although the level of this is – is way at the top, we're still dealing with someone who is a teenager, a child at the time.  And yes, it's – it's an extremely incredible, the worst outcome that could happen.  But I ask Your Honor to take that into consideration.

Thus, we discern no error in the judge's finding that defendant failed to show how trial counsel's approach was deficient and deemed ineffective under the Strickland/Fritz standard.

Defendant also contends trial counsel should have advocated for an expansion of decisional law construing the Eighth Amendment[5] of the U.S. Constitution and failed to refer to current scientific studies on the mental development of young adults over the age of eighteen but under twenty-six.  As

---

[4]  The Court found N.J.S.A. 2C:44-1(b)(14) should not have retroactive application in State v. Lane, 251 N.J. 84, 96-97 (2022).

[5]  "The Eighth Amendment's prohibition of cruel and unusual punishment 'guarantees individuals the right not to be subjected to excessive sanctions.'" Miller v. Alabama, 567 U.S. 460, 469 (2012) (quoting Roper v. Simmons, 543 U.S. 551, 560 (2005)).

A-0185-24

Judge Romankow noted, defense counsel argued for a lower sentence; however, the sentencing court distinguished Miller and Zuber, since those cases concerned minor offenders under eighteen years old who were sentenced to life imprisonment without parole, or its practical equivalent, in violation of the Eighth Amendment. Here, defendant was almost nineteen years old at the time of the homicide and related weapons charges and is parole eligible under the statutes he pleaded guilty to. We discern no error in the judge's determination that trial counsel's advocacy on this issue did not constitute ineffective assistance of counsel under the Strickland/Fritz standard.

We are unconvinced by defendant's argument that Judge Romankow erred by finding defense counsel was not ineffective by failing to consider the connection between defendant's youth and childhood environmental factors beyond his control, which conceivably "could have contributed to the development of post-traumatic stress syndrome." The judge considered this argument through defendant's assertion that his attorney failed to investigate defendant's mental health.

Although the pre-sentence report stated defendant denied having mental health issues, defendant argues trial counsel still should have considered the possibility of post-traumatic stress syndrome and sought an evaluation of his

mental condition as a mitigating factor. See N.J.S.A. 2C:44-1(b)(4) (stating a sentencing judge may consider whether "[t]here were substantial grounds tending to excuse or justify the defendant's conduct, though failing to establish a defense"). However, defendant's submissions are bereft of any competent factual evidence establishing any such environmental conditions, including alleged observations of gun violence, domestic violence between his parents, and the murder of multiple friends, are causally related to any post-traumatic stress syndrome diagnosis. Without factual certifications, affidavits, or expert support correlating the environmental factors to defendant's proffer regarding his mental health, defendant's argument fails to meet the Strickland/Fritz standard.

We also conclude there was no error in Judge Romankow's rejection of defendant's argument that trial counsel was ineffective by failing to conduct a thorough investigation into the merits of defendant's case and by failing to discuss trial strategy with defendant. According to the record, defendant testified he was satisfied with trial counsel's services since they spent hours together reviewing the discovery and discussing the charges, possible defenses, potential motions, proceeding to trial and acceptance of the plea deal. Defendant further testified he undertook a "cost/benefit analysis" and decided to accept the

A-0185-24

State's plea offer instead of going to trial. Thus, we discern no error in the judge's finding that defendant did not satisfy the Strickland/Fritz standard as to counsel's pre-plea conduct.

As defendant failed to demonstrate, prima facie, that his trial attorney's handling of his matter was deficient, he similarly could not establish prejudice. Therefore, we are satisfied Judge Romankow properly found defendant did not satisfy the two-prong Strickland/Fritz test and he was not entitled to an evidentiary hearing.

Any remaining arguments asserted by defendant we have not addressed are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

11